JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ELEANOR SEIDMAN

### DEFENDANTS
KIMBERTON WALDORF SCHOOL

(b) County of Residence of First Listed Plaintiff: **WAKE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **CHESTER**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
PA WHISTLEBLOWER LAW
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00 in excess

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/15/2017
SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1828 Affirmed Way, Cary, NC 27519

Address of Defendant: 410 West Seven Stars Road, Phoenixville, PA 19460

Place of Accident, Incident or Transaction: 410 West Seven Stars Road, Phoenixville, PA 19460
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
    (Please specify) PA Whistleblower

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, SIDNEY L. GOLD, ESQUIRE, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 08/15/2017     /s/ Sidney L. Gold, Esq.     21374
                     Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/15/2017     /s/ Sidney L. Gold, Esq.     21374
                     Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1828 Affirmed Way, Cary, NC 27519**

Address of Defendant: **410 West Seven Stars Road, Phoenixville, PA 19460**

Place of Accident, Incident or Transaction: **410 West Seven Stars Road, Phoenixville, PA 19460**
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) **PA Whistleblower**

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, **SIDNEY L. GOLD, ESQUIRE**, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: **08/15/2017**   /s/ Sidney L. Gold, Esq.   **21374**
Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **08/15/2017**   /s/ Sidney L. Gold, Esq.   **21374**
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ELEANOR SEIDMAN | : | CIVIL ACTION |
| v. | : | |
| KIMBERTON WALDORF SCHOOL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (☑)

| | | |
|---|---|---|
| 08/15/2017 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELEANOR SEIDMAN | : |
| | : CIVIL ACTION NO._____ |
| *Plaintiff,* | : |
| | : |
| v. | : |
| | : |
| KIMBERTON WALDORF SCHOOL | : |
| | : |
| *Defendant.* | : |
| | : |

## COMPLAINT

**I.   PRELIMINARY STATEMENT**

1. This is an action arising under the Pennsylvania Whistleblower Law, 43 P.S. § 1421 *et seq.* on behalf of Plaintiff, Eleanor Seidman ("Plaintiff"), a former employee of the Defendant, Kimberton Waldorf School (hereinafter "Defendant"), who has been harmed by the Defendant's unlawful and retaliatory employment practices.

2. Plaintiff seeks an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief.

**II.   JURISDICTION AND VENUE:**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of the Commonwealth of Pennsylvania and citizens of the State of North Carolina, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

### III. PARTIES:

5. Plaintiff, Eleanor Seidman ("Plaintiff"), is an individual who resides in Cary, North Carolina. Plaintiff is a citizen of the State of North Carolina.

6. Upon information and belief, Defendant, Kimberton Waldorf School (hereinafter "Defendant"), is a business duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a principal place of business located at 410 West Seven Stars Road, Phoenixville, Pennsylvania 19460.

7. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Defendant.

8. At all times material herein, Defendant is and has been an "employer" and "agent of a public body" within the meaning of the Pennsylvania Whistleblower Law in that it received proceeds of funding from the Commonwealth of Pennsylvania and is accordingly subject to the provisions of said Act.

9. At all times material herein, Plaintiff was an "employee" of Defendant as defined under the Pennsylvania Whistleblower Law and was entitled to the protection of the provisions of said Act.

### IV. STATEMENT OF FACTS:

10. Plaintiff was employed by the Defendant from in or about July of 2014 until on or about February 17, 2017, the date of her unlawful termination.

11. During the course of her employment with the Defendant, Plaintiff held the position of Class Teacher and at all times maintained an exemplary job performance rating in said position. Notably, Plaintiff has been a Waldorf Educator for thirty (30) years.

12. By way of background, in adherence to the Waldorf Education teaching philosophies, Class Teachers teach primary subjects for the same group of students through their elementary years. In or about July of 2014, Plaintiff met the Kindergarten students she would be teaching at Defendant's institution. Plaintiff believed she would teach said students from Kindergarten through Fifth Grade.

13. In or about September of 2014, a child in Plaintiff's classroom began masturbating and/or self-stimulating during the school day. Notably, said behavior continued throughout the child's time in First Grade and during much of Second Grade. In response thereto, Plaintiff continuously reported said sexually stimulating behavior to the Defendant, including, but not limited to, Kevin Hughes ("Hughes"), Dean of School and Governing Team Member; Deborah Merroth-Ahola ("Merroth-Ahola"), Governing Team Member; Esther Walsh ("Walsh"), Music Teacher and Governing Team Member; John Holmes ("Holmes"), Eurythmy Teacher and Governing Team Member; Holly Kofsky ("Kofsky"), Therapeutic Eurythmist; Mary Cederberg ("Cederberg"), Social Worker; and, Nena Stetson ("Stetson"), Social Worker.

14. In or about October of 2014, parents of another child in Plaintiff's first grade class observed said child masturbating and/or self-stimulating while visiting the classroom. Said parents reported said masturbation and/or self-stimulation to Walsh.

Thereafter, Walsh discussed said activity with Plaintiff, and Plaintiff again reported the child's masturbation and/or self-stimulating taking place in the classroom.

15. On or about February 21, 2015, Plaintiff reported the aforesaid child's masturbation and/or self-stimulation to Chester County Intermediate Unit ("CCIU"). Thereafter, a representative from CCIU visited Plaintiff's classroom and observed said child. In its report, CCIU stated its observation of said child's masturbating and/or self-stimulating as well as said child's hand placed between her legs by her genitalia.

16. In or about March of 2015, Plaintiff reported to Defendant that the aforesaid child had touched another child's genitalia as well as pulled down another child's pants. Specifically, on or about March 22, 2015, Plaintiff reported by email said incidents to Kofsky.

17. On or about April 14, 2015, Plaintiff reported by email the aforesaid incident, as well as another incident of inappropriate sexual touching to Hughes. Plaintiff also reported said incident to First Grade Recess Supervisors and Specialty Teachers.

18. Notwithstanding the same, on or about April 30, 2015, Plaintiff observed the aforesaid child again touch a previously mentioned child by frontally patting down said child, moving hands above and below the waist.

19. In or about October of 2015, the aforesaid masturbation and/or self-stimulation of the child became more frequent. Walsh, Governing Team Member, further witnessed said masturbation and/or self-stimulation. Plaintiff continued to report said incidents to Cederberg and conveyed to Defendant the difficulty in minimizing the disruption and disturbance caused by the child's masturbation.

20. On or about November 8, 2015, Plaintiff reported to Defendant, including, but not limited to, Cederberg and Merroth-Ahola, another incident of sexually inappropriate touching between the aforesaid child and another child. Specifically, Plaintiff reported that two children were swinging, while sitting on each other's laps facing one another, an activity which Plaintiff believed might have providing physical and sexual stimulation for the children, including the aforesaid child who frequently masturbated in class.

21. On or about December 1, 2015, Plaintiff reported to Cederberg by email an increased frequency in the aforesaid child's continued masturbation, as the child had begun a new method of self-stimulation.

22. On or about May 28, 2016, in preparation for the child's transition to summer, Plaintiff reported the aforesaid child's prior "sexually highly inappropriate behaviors and interactions with classmates" to Stetson.

23. In or about September and October of 2016, as the new school year commenced, Plaintiff continued to communicate with Stetson regarding her concerns about the aforesaid child's return to school and requested support from Defendant.

24. On or about October 19, 2016, Plaintiff attended a meeting with the parents of the aforesaid child, Merroth-Ahola, Wendy Dougherty ("Dougherty"), Child Care Committee, as well as other teachers at the school. Following said meeting, Dougherty and Merroth-Ahola submitted a report, which stated that the aforesaid child "is often found to be grabbing, touching or hugging her classmates without permission."

5

25. In or about early January of 2017, Defendant decided that the aforesaid child would no longer attend its institution, beginning on or about January 13, 2017.

26. Thereafter, on or about January 8, 2017, a child in Plaintiff's classroom reported to his or her parents that he or she had been the victim of sexual abuse and/or molestation by another child in Plaintiff's classroom. Notably, he or she described sexually-inappropriate actions and conversations, by said child as well as by the aforementioned child, which had been going on for two and a half years, since First Grade, both on and off campus, involving several other children in Plaintiff's class. However, the reporting child felt afraid to report the sexual abuse and/or molestation until his or her parents announced that one (1) of the two (2) alleged abusers was shortly leaving school.

27. In response thereto, a parent of said child reported the sexual abuse and/or molestation to Plaintiff. Plaintiff instructed said parent to write down their child's reports of sexual abuse and/or molestation. Immediately thereafter, Plaintiff emailed Hughes to warn him to expect a report of sexual abuse and/or molestation.

28. Thereafter, said parents wrote a report and sent said report to Plaintiff. In said report the parents reported that children in Plaintiff's class had, inside and outside the classroom, removed other children's clothes; showed their genitalia to other children; described sexual activity; reenacted sexual intercourse for one another; touched other children's genitalia over said children's clothing, while instructing said children to move their body in a sexually stimulating manner; touched other children's naked genitalia; and pressured other children to touch their own naked genitalia.

29. Upon Plaintiff's receipt of said report on or about January 9, 2017, Plaintiff immediately forwarded said report to Hughes, Merroth-Ahola, and Holmes, collectively the "Governing Team."

30. On or about January 11, 2017, parents of the child who reported the sexual abuse and/or child molestation informed Plaintiff that the accused children were retaliating against the reporting child.

31. In response thereto, on or about January 12, 2017, Plaintiff immediately notified the Governing Team of the alleged retaliation. Plaintiff further emailed Elizabeth Cuesta ("Cuesta"), Director of Athletics, seeking assistance regarding the retaliation against the victimized child who had reported the sexual abuse and/or child molestation.

32. On or about January 16, 2017, Merroth-Ahola communicated with Plaintiff by email, instructing Plaintiff not to communicate with any parent about the aforementioned sexual abuse and/or child molestation. Plaintiff complied with said instructions despite the fact that parents were regularly communicating their concerns and questions to Plaintiff.

33. On or about January 21, 2017, Defendant communicated with the parents of children attending its school by email, reminding parents "to keep in mind that the behavior falls within the realm of normal developmental curiosity and exploration for this age." Notably, said reaction by Defendant is exemplary of Defendant's response to the aforesaid reports of masturbation, sexually inappropriate touching, sexual abuse, and/or child molestation and Defendant's failure to cause said behavior to cease.

34. In or about late January of 2017, parents continued to communicate by email to Plaintiff their concerns about the alleged sexual abuse and/or molestation. In response thereto, Plaintiff communicated said concerns to the Governing Team and requested that they address the allegations and provide support to ensure that no further sexual abuse and/or child molestation occurred.

35. On or about February 1, 2017, Esther Walsh ("Walsh"), Teacher, Gerry LoDolce ("LoDolce"), Teacher, and Tjitske Lehman ("Lehman"), Teacher, requested to meet with Plaintiff after school. Upon information and belief, said meeting was for the purpose of investigation Plaintiff's complaints of wrongdoing. During said meeting, LoDolce, Walsh, and Lehman suggested that Defendant had made the decision to terminate Plaintiff's employment.

36. Thereafter, on or about February 2, 2017, Hughes, Holmes, and Merroth-Ahola wrote a letter to Plaintiff and terminated her employment effective February 17, 2017.

37. Plaintiff alleges that no legitimate business reason existed for the termination of her employment and that her employment was actually terminated in restitution for registering good faith complaints about sexual abuse of minors and/or child molestation.

## COUNT I
### (The Pennsylvania Whistleblower Law, 43 P.S. § 1421 et seq.)
### Plaintiff v. the Defendant

38. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 37 of her Complaint as though set forth fully herein.

39. The actions of Defendant, through its agents, servants, and employees, in terminating Plaintiff's employment in retaliation for having engaged in protected activity, namely, for having reported sexual abuse of minors and/or child molestation, constituted a violation of the Pennsylvania Whistleblower Law.

40. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant, in violation of the Pennsylvania Whistleblower Law, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**WHEREFORE,** Plaintiff requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful retaliation;

b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

    c.    Defendant pay to Plaintiff pre and post judgment interests, costs of suit, and attorney and expert witness fees as allowed by law;

    d.    The Court award such other relief as is deemed just and proper.

                     SIDNEY L. GOLD & ASSOCIATES, P.C.

By:   /s/Sidney L. Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        I.D. NO.: 21374
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        **Attorney for Plaintiff**

Dated: August 15, 2017

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: Aug. 15, 2017

_Eleanor R. Seidman_
ELEANOR SEIDMAN, PLAINTIFF